# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| JACK E. VANGE, | ) |
| Plaintiff, | ) Civil Action No. 1:17-01085 |
| v. | ) |
| WEST VIRGINIA STATE POLICE | ) |
| South Charleston, West Virginia, | ) |
| Defendant. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1), filed on January 30, 2017. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On January 30, 2017, Plaintiff, acting *pro se*, filed an Application to Proceed Without Prepayment of Fees and Cost (Document No. 1) and his Complaints (Document Nos. 2 and 3).[1] Plaintiff names the West Virginia State Police, South Charleston, West Virginia, ["WVSP"] as the Defendant. (Document Nos. 2 and 3.) Plaintiff alleges that "Colonel Smither of the South Charleston State Police failed to investigate a kidnapping Complaint." (Document Nos. 2 and 3.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Specifically, Plaintiff alleges that Colonel Smithers failed "to respond to my letters." (Id., p. 2.) In support, Plaintiff provides a "Narrative" stating as follows:

> In February of 2016, I found out that a Bail Bondsman/Bounty Hunter William Lighter did not have a license to do bail bondsman or bounty hunting in the Commonwealth of Virginia. So William Lighter kidnapped me in March of 2016. I mailed three letters to the West Virginia State Police in Moundsville with this information and the third letter was sent by certified mail, which was delivered on May 5, 2016, plus my mother called the State Police and nothing was done about this matter. In April of 2016, I mailed three letters to Colonel Smithers of the West Virginia State Police in South Charleston, one letter was sent by certified mail and two by regular mail. Colonel Smithers did not respond to the letters plus Colonel Smithers would not talk to my mother over the phone. On November 8, 2016, I mailed another letter to Colonel Smithers. Colonel Smithers did not respond to the letter.

(Id.) As relief, Plaintiff requests that the Court order the WVSP to pay him the sum of Twenty Million Dollars.[2] (Id., p. 2.)

As Exhibits, Plaintiff attaches a copy of the following: (1) A copy of a letter that Plaintiff mailed to Colonel Smithers dated November 8, 2016 (Document No. 2, p. 4 – 5 and Document No. 3, pp. 9 – 10.); (2) A copy of a letter addressed to Plaintiff from the Commonwealth of Virginia regarding his Freedom of Information Request regarding the licensure of William Lightner (Document No. 2, p. 6 and Document No. 3, p. 11.); and (3) A copy of the signed Return Receipt Card for Colonel Smithers (Document No. 2, pp. 7 - 8 and Document No. 3, p. 12.).

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

---

[2] Plaintiff has initiated three other civil actions with this Court asserting similar claims: (1) *Vance v. Pocahontas Sheriff Department*, Case No. 1:16-cv-10730; (2) *Vance v. Lightner*, Case No. 1:16-cv-12296; and (3) *Vance v. West Virginia State Police*, Case No. 1:16-cv-101725.

entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can

ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[1]

In the instant matter, Plaintiff does not allege the basis for the District Court's

---

[1] Title 28, U.S.C. §1332 specifically provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different states;
>
> (2) citizens of a State and citizens or subjects of a foreign state . . .;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

4

jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ. P. 8(a)(1); also see Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court")(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction. First, the undersigned finds that Plaintiff's Complaint does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Plaintiff does not allege a violation of a federal statute or constitutional provisions.[1] Plaintiff complains that the WVSP and Colonel Smithers failed to properly investigate his claim that William Lightner kidnapped him. Plaintiff explains that he notified Colonel Smithers that Mr. Lightner, a bails bondsman in West Virginia, kidnapped Plaintiff in March 2016 when Mr. Lightner traveled into Virginia to retrieve Plaintiff. Plaintiff alleges he

---

[1] To the extent Plaintiff is attempting to state a Section 1983 claim, the undersigned finds that the West Virginia State Police is an improper party. To state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In *Monell*, the Supreme Court recognized that municipalities and municipal officials sued in an official capacity are suitable "persons" for such purposes. *Monell v. Dep't of Social Services*, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Supreme Court, however, later clarified that states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989)(suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Westinghouse Elec. Corp. v. West Virginia Dept. of Highways*, 845 F.2d 468, 470 (4th Cir.), *cert. denied*, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). The West Virginia State Police is a state agency, thus barring Plaintiff's claims. *See Sweat v. West Virginia*, 2016 WL 7422678, * 5 (S.D.W.Va. Dec. 22, 2016)(J. Chambers); *Krein v. West Virginia State Police*, 2012 WL 2470015, * 6 (S.D.W.Va. June 17, 2012(J. Copenhaver).

was kidnapped because Mr. Lightner was not a licensed bails bondsman in Virginia. Plaintiff complains that even though the WVSP and Colonel Smithers were notified of the foregoing, no action was taken to properly investigate Plaintiff's alleged kidnapping.[2] Clearly, Plaintiff fails to allege any violation of federal law by the WVSP or Colonel Smithers. Next, the Court finds that the District Court does not have diversity jurisdiction pursuant to Section 1332. Section 1332 requires that the controversy be between citizen of different states. Plaintiff and Defendant are not "citizens of different states." Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

Furthermore, Plaintiff has failed to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a Plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In Ashcroft v. Iqubal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court stated as follows:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Ashcroft v. Iqubal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citations omitted). Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Drummond v. South Carolina Department of Corrections, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(citing Weller v.

---

[2] As explained below, these allegations do not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure.

Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990)). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, a complaint must contain allegations that are "plausible" on their face." Id. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678, 129 S.Ct. 1949. Thus, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to plaintiff, it is clear as a matter of law that no relief could be granted. As stated above, Plaintiff alleges that the WVSP and Colonel Smithers failed to respond to Plaintiff's letters and conduct an investigation concerning Plaintiff's allegations that he was "kidnapped" by Mr. Lightner. Even assuming the foregoing allegations to be true, it is clear as a matter of law that that Plaintiff has failed to state a claim upon which relief may be granted.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaints (Document Nos. 2 and 3) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have

fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 13, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge