IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT BLUEFIELD


**JACK E. VANCE,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:17-01085**

**WEST VIRGINIA STATE POLICE**
**South Charleston, West Virginia**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

    Before the court is plaintiff's complaint against the South Charleston department of the West Virginia State Police ("WVSP"), alleging their failure to properly investigate and arrest William Lightner.  ECF Nos. 2, 3.  By Standing Order, the matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  On November 13, 2017, the magistrate judge submitted his PF&R, in which he recommended that the district court deny plaintiff's application to proceed without prepayment of fees and costs, (ECF No. 1), and dismiss plaintiff's complaint, (ECF Nos. 2, 3).  See ECF No. 8.

    In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's

Findings and Recommendation. The failure to file such objections constitutes a waiver of the right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

On December 8, 2017, the court granted plaintiff's motion for an extension of time to file objections, giving him until December 27, 2017 to do so. ECF No. 11. On December 26, 2017, defendant filed his objections. ECF No. 12. Because plaintiff's objections are without merit, the court adopts the findings of the magistrate judge and dismisses plaintiff's complaint.

## I.   BACKGROUND

In April 2005, Jack Vance was charged with Second Degree Sexual Assault and Third Degree Sexual Assault. Vance was released on bond pending the grand jury proceedings. A grand jury in Pocahontas County, West Virginia returned an indictment charging Vance with 87 counts of Third Degree Sexual Assault and two counts of Second Degree Sexual Assault. Vance then "absconded" with the alleged victim to Virginia. See Vance v. W. Virginia State Police Pocahontas Cty. Detachment, No. CV

1:16-10725, 2017 WL 8048339, at *1 (S.D.W. Va. Nov. 13, 2017), report and recommendation adopted, No. CV 1:16-10725, 2018 WL 1129372 ("Pocahontas Action"). On September 2, 2005, bail bondsman, William Lightner located plaintiff in a hotel in Harrisonburg, Virginia and returned him to West Virginia where he was detained at Tygart Valley Regional Jail. ECF No. 12 at pp. 1-2.

As to the pending state charges, Vance pled guilty to five counts of Third Degree Sexual Assault and was sentenced to an indeterminate term of one to five years on each count to run consecutively. Moreover, by fleeing across state lines with his victim, Vance was federally indicted in the Northern District of West Virginia of (1) traveling in interstate commerce to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b) (Count One), and (2) transporting a minor in interstate commerce with intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a) (Count Two). Vance pled guilty to both counts and was sentenced to two concurrent 87-month terms of imprisonment. See Pocahontas Action, at *2.

Plaintiff's complaint argues that the WVSP violated plaintiff's due process rights by failing to arrest Lightner. Lightner allegedly retrieved Vance from Virginia without licensure "to do Bail Bondman or Bounty Hunting" within the Commonwealth. ECF No. 2 at p.3. As a result, Vance claims that

he was unlawfully kidnapped by Lightner when he was retrieved in Virginia and returned to West Virginia. Id.

After becoming aware of Lightner's lack of licensure in February 2016--more than a decade after his arrest and state conviction--Vance attempted to convey this information to WVSP State Trooper, Colonel Smithers by mail and through telephone calls made by his mother. ECF No. 2 at p.3. These communications requested that Smithers arrest Lightner for kidnapping him. Vance alleges Smithers failed to take any action. As relief for failing to investigate Vance's kidnapping complaint and failure to arrest Lighter, Vance seeks monetary damages from the WVSP in the amount of $2,000,000. ECF No. 3 at pp. 4-5, 8-10.

## II. THE PF&R RECOMMENDED DISMISSAL FOR FAILURE TO STATE A CLAIM

Even assuming the WSVP failed to take action regarding plaintiff's kidnapping allegations, the magistrate judge recommended dismissal due to plaintiff's failure to state a claim. First, plaintiff did not allege a basis for federal jurisdiction under either diversity or federal subject matter jurisdiction. ECF No. 8 at pp. 4-6. Second, the magistrate judge determined that the complaint fails to comply with the pleading standard of Federal Rule of Procedure 8(a)(2). Id. at pp. 6-7.

### III. PLAINTIFF'S OBJECTIONS

Plaintiff extends his contentions against the WVSP indicating that Smithers, through his secretary, affirmatively told plaintiff's mother that Lightner had not broken any laws and that he has "order[ed] his State Troopers" not to arrest Lightner. ECF No. 12 at p.1. Plaintiff also alleges a broader conspiracy where "the W.Va State Police Colonials has [sic] ordered their State Troopers" to cover up Lightner's kidnapping. ECF No. 14 at p.4.[1]

### IV. ANALYSIS

As noted in the magistrate judge's PF&R, pursuant to 28 U.S.C. § 1915A, a suit by a prisoner against a governmental entity or its employee must be screened and dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. A case is "frivolous" for purposes of § 1915A if it is based upon an indisputably

---

[1] Plaintiff's objection concludes by alleging that WVSP Trooper W.A. Pendleton threatened Linda and Mark Walton, Michael and Crystal Vance, and Sarah Mullenax on September 2, 2005. ECF No. 14 at p.7. This allegation is clearly malicious and has no connection to plaintiff's complaint. Moreover, plaintiff has already filed two actions, which allege improper conduct by Trooper Pendleton. See Vance v. Pocahontas Sheriff Dep't, No. CV 1:16-10730, 2017 WL 8816928, at *3 (S.D.W. Va. Nov. 13, 2017), report and recommendation adopted, No. CV 1:16-10730, 2018 WL 1866109 (S.D.W. Va. Apr. 18, 2018); see also Pocahontas Action, at *2-3.

meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 (1992). Stated differently, such a claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

While now asserting a broader conspiracy of intentional inaction by the WVSP, plaintiff's objections neglect to address the grounds on which the magistrate judge recommended dismissal. His objections are therefore irrelevant and unresponsive to the reasoning contained in the PF&R, and must be overruled on that ground, as they do not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47. Moreover, even viewing the factual allegations in the complaint and narrative as true and in the light most favorable to the plaintiff, (ECF No. 2 at pp. 1, 3; ECF No. 3 at pp. 4, 8), the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Therefore, the court agrees with the magistrate judge that plaintiff's complaint lacks any justiciable basis under federal law, is patently frivolous, and fails to state a claim upon which relief can be granted by this court.

## V. CONCLUSION

Accordingly, the court **OVERRULES** plaintiff's objection to the magistrate judge's PF&R. The court **ADOPTS** the factual and

legal analysis contained within the PF&R, **DENIES** plaintiff's application to proceed without prepayment of fees and costs, (ECF No. 1); and **DISMISSES** plaintiff's complaint (ECF Nos. 2, 3). The court **DIRECTS** the clerk to dismiss this matter from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and plaintiff, pro se.

It is **SO ORDERED** this 13th day of July, 2018.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge